IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| KERANOS, LLC, | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 2:13-CV-18-MHS-RSP |
| | § | |
| ANALOG DEVICES, INC., et al. | § | |

## MEMORANDUM ORDER

Following a hearing held by the Court, Defendants Apple Inc., Analog Devices, Inc., Intel Corporation, International Business Machines Corporation, National Semiconductor Corporation, NXP Semiconductors USA, Inc. and Texas Instruments, Inc. (collectively, "Defendants") filed a Motion for Procedural Order (Dkt. No. 60, filed January 30, 2014.) Following Defendants' Motion, the Parties jointly moved for an entry of a procedural order (Dkt. No. 61, filed January 31, 2014.) The Court granted the Parties agreed order (Dkt. No. 62, filed February 4, 2014.)

Pursuant to the Court's Order Keranos filed a Memorandum Regarding Disputed Products Remaining in the Case (Dkt. No. 68, filed February 21, 2014) (hereinafter "Keranos Memo."), setting forth the results of the Parties' meet and confer process, as to what accused products remain in the case following the Court's Orders dated August 2, 2013 (Case No. 2:13-cv-00017-MHS-RSP, Dkt. No. 151), January 3, 2014 (Case No. 2:13-cv-00017-MHS-RSP, Dkt. No. 226), and January 28, 2014 (Case No. 2:13-cv-00018-MHS-RSP, Dkt. No. 56) (hereinafter "Court's Prior Orders"). Keranos's Memorandum stated that the following products were agreed or disputed and provided argument as to the products Keranos disputes are in the case:

| DEFENDANT | AGREED | DISPUTED |
| --- | --- | --- |
| ADI | ADUC814, ADUC824, ADUC831 | |
| Apple | 8 GB 2nd Generation | iPhone |

|       | iPod Nano                              |                           |
|-------|----------------------------------------|---------------------------|
| IBM   |                                        | IBM System x3100          |
| NXP   | LPC2888, LPC2000, LPC2917/2919/01 PNX0161 |                        |
| Intel | 945 Express chipset 82573E LAN         |                           |
| TI    | TMS470RX1, TIMSC1211Y4                 | CC2430, CC2510Fx, CC2511Fx |

Defendants with disputed products subsequently filed documents containing their argument as to why the products they dispute are out of the case: IBM (Dkt. No. 69, filed February, 21, 2014) (hereinafter "IBM Memo"); Apple (Dkt. No. 70, filed February 21, 2014) (hereinafter "Apple Memo"); and Texas Instruments (Dkt. No. 71, filed February 21, 2014) (hereinafter "TI Memo").

## DISCUSSION

**1)  ADI**

The Court accepts the Parties' agreement.

**2)  Apple**

Keranos argues that its identification of Apple's "iPhone" is properly definite under the Court's Prior Orders. Keranos argues that its identification of the iPhone was not a disclosure of an "entire product famil[y]," since Apple only had two models of iPhone in the relevant damages period, though Keranos admits Apple sold multiple versions of each model. (Keranos Memorandum at 2.)

Apple argues that Keranos's identification of the "the 'iPhone' is exactly the type of product family that this Court ruled is not properly accused." (Apple Memo at 1 (emphasis removed).) Apple argues that the identification of the "iPhone" is not "as specific as possible" and that Keranos did not attempt to narrow the accused product description. (*Id.* at 2 (emphasis

removed).) Apple argues that, in the "infringement contentions that the Court denied Keranos leave to serve, Keranos identified five different iPhone models . . . ." and that Keranos stated that Apple incorporated the accused memory into "various models of the iPhone." (*Id.* at 2-3 (emphasis removed).) Apple additionally argues that the no iPhone was ever charted according to P. R. 3-1(c). (*Id.* at 3.) Apple argues that two months before Kearnos filed its infringement contentions Apple had timely produced relevant technical information that would have allowed Keranos to timely identify the specific models Keranos now disputes. (*Id.* at 4.)

For the reasons assigned by the Court in the Court's Prior Orders, the Court hereby finds that the identifier "iPhone" represents an entire product family and is not properly definite under the Court's Prior Orders.

The Court accepts the Parties' agreement as to the 8 GB 2nd Generation iPod Nano.

**3)   IBM**

Keranos argues that its identification of the IBM's "IBM System x3100" is properly definite under the Court's orders. Keranos argues that, at some point in discovery, "IBM asserted 'the only accused product identified by Keranos to date is the IBM System x3100 product'" and that IBM did not assert that the disclosure of the IBM System 3100 failed to identify a specific product." (Keranos Memorandum at 2-3.) Keranos notes that in IBM's objections to Keranos's amended infringement contentions, IBM stated Keranos's "original infringement contentions (and complaint) identified an actual IBM product (identified as 'the IBM System x3100 product.'" (*Id.* at 3.) Keranos argues that "the presence of just two models does not indicate that Keranos' identification of the 'IBM System x3100' constitutes the type of disclosure of an 'entire product family' of which the Court was concerned in its order."

IBM argues that Keranos did not identity products "with specificity, e.g., by individualized product number" and that "[i]t is undisputed that the identified IBM Product

Families are general designators that refer to families or groups of multiple products, not specific individualized products." (IBM Memo at 1.) IBM argues that "Keranos told this Court that it 'interprets the Court's Orders to convey that Keranos' infringement contentions stand only to cover individual SuperFlash products which Keranos identified by their specific individualized product number and no other products are or can be accused in this lawsuit." (*Id.* at 3.) IBM argues that IBM has identified at least 23 "specific products in the IBM System x3100 family." (*Id.*) IBM argues the IBM System x3100 is an equivalent identifier to the Samsung "S3F4xxx" line of products that the Court already found to be excluded. (*Id.*) IBM argues that Keranos had documents in its possession that would have allowed it to identify specific products within the IBM System x3100 family. (*Id.*) IBM argues that Keranos's argument that the relevant damages period aids Keranos in properly identifying products is incorrect under the Court's rules, improperly shifts the burden of identifying accused products, and was previously rejected three times by the Court. (*Id.* at 4-5.)

For the reasons assigned by the Court in the Court's Prior Orders, the Court hereby finds that the identifier "IBM System x3100" represents an entire product family and is not properly definite under the Court's Prior Orders.

**4) NXP**

The Court accepts the Parties' agreement.

**5) Intel**

The Court accepts the Parties' agreement.

**6) Texas Instruments**

Keranos argues that the designations "CC2430," "CC2510Fx," and "CC2511Fx" are designations that TI uses internally. Keranos admits that the CC2430 is actually sold in three different flash versions: CC2430F32, CC2430F64, and CC2430F128, depending on how much

- 4 -

flash memory is onboard (e.g. 32/63/128 KB). Keranos admits the CC2510Fx and CC2511Fx were also sold in three different flash versions: CC2510F8/CC2511F8, CC2510F16/CC2511F16 and CC2510F32/CC2511F32, depending on how much flash memory is onboard. Keranos argues that "memory size is not an element of any of the patents in suit" and that "TI suffered no confusion or lack of notice regarding these accused products . . . ." (Keranos Memo at 5.)

TI argues[1] that Keranos did not identity products "with specificity, e.g., by individualized product number" and that "[i]t is undisputed that the identified TI Product Families are general designators that refer to families or groups of multiple products, not specific individualized products." (TI Memo at 1.) TI argues that "Keranos told this Court that it 'interprets the Court's Orders to convey that Keranos' infringement contentions stand only to cover individual SuperFlash products which Keranos identified by their specific individualized product number and no other products are or can be accused in this lawsuit." (*Id.* at 2.) TI argues that the disputed products—CC2430, CC2510Fx, CC2511Fx[2]—undisputedly refer to families and not to specific individualized product numbers, and that Keranos referred to these numbers as "families" in its contentions. (*Id.* at 2-3.) TI argues the disputed products are equivalent identifiers to the Samsung "S3F4xxx" line of products that the Court already found to be excluded. (*Id.* at 3.) TI argues that Keranos's argument that the relevant damages period aids Keranos in properly identifying products is incorrect under the Court's rules, improperly shifts the burden of identifying accused products, and was previously rejected three times by the Court. (*Id.* at 4-5.)

---

[1] TI's motion states that it incorporates approximately one page of the IBM Memo by reference. Out of respect for the Court's order adopting the Parties' five page agreement on page limits, the Court declines to incorporate the text directly into TI's motion.

[2] TI repeatedly discusses the "MSP430" and "MSC121" identifiers in its motion, but Keranos does not dispute that these identifiers are excluded under the Court's orders.

For the reasons assigned by the Court in the Court's Prior Orders, the Court hereby finds that the identifiers "CC2430," "CC2510Fx," and "CC2511Fx" represent entire product families and are not properly definite under the Court's Prior Orders.

The Court accepts the Parties' agreement as to the TMS470RX1 and TIMSC1211Y4 products.

**SIGNED this 3rd day of April, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE